# EXHIBIT B

Kane County Circuit Court   THOMAS M. HARTWELL   ACCEPTED: 1/28/2019 9:57 AM   By: DS   Env #3686715

19-MR-000089

IN THE CIRCUIT COURT OF
THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

Clerk of the Circuit Court
Kane County, Illinois
1/25/2019 3:11 PM
FILED/IMAGED

| | | |
|---|---|---|
| WARNER, NICOLE H., | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| GIORGIO ARMANI CORPORATION | ) | |
| Defendant. | ) | |

## VERRIFIED COMPLAINT

NOW COMES the Plaintiff, NICOLE H. WARNER ("Mrs. Warner" or "Plaintiff"), by and through her attorneys, for her Complaint against the Defendant, GIORGIO ARMANI CORPORATION, alleges and states as follows:

### INTRODUCTION

1) Mrs. Warner worked for Defendant as an employee since November 7, 2016. In 2017, after Mrs. Warner informed her manager that she was pregnant, Defendant began an unlawful pattern of discrimination against her, relating to her pregnancy, recovery from childbirth, and maternity leave ("maternity leave"). Ultimately, Defendant abruptly terminated Mrs. Warner, without cause or notice, on July 24, 2017 when she was approximately seven (7) months pregnant, causing her physical pain, public humiliation, and emotional distress, among other injuries. Moreover, Defendant continued to engage in a series of retaliatory actions against Mrs. Warner as a result of her request for maternity leave, accommodations, assertions of her legal rights, and complaints about being denied rights to which she was entitled under the law.

**NOTICE**
**BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE ON THE DATE BELOW. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**
**Judge: Busch, Kevin T**
**5/14/2019 9:00 AM**

Page 1 of 10

2) Mrs. Warner brings this action pursuant to the Illinois Human Rights Act ("IHRA), 775 ILCS 5/1-101 *et seq.*; Title VII of the United States Civil Rights Act of 1964 ("Title VII"), and 42 USC § 2000 *et seq.* to remedy Defendant's sex discrimination, pregnancy discrimination, retaliation in employment, and unlawful denials of Plaintiff's rights.

## JURISDICTION AND VENUE

3) This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209 of the Illinois Code of Civil Procedure, because Defendant transacts business within the State of Illinois.

4) Jurisdiction is also invoked pursuant to 42 U.S.C. § 2000e-5(f)(3).

5) Venue is proper in accordance with 775 ILCS 5/8-111 as this is the county in which the civil rights violation was committed.

6) Venue is also proper pursuant to section 735 ILCS 5/2-102 of the Illinois Code of Civil Procedure, because Defendant conducts business within Kane County.

7) On December 20, 2017, Mrs. Warner filed timely charges with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). IDHR assigned Charge No. 2018CF1321, and the EEOC assigned Case No. 21BA80538.

8) IDHR issued its Notice of Dismissal on November 1, 2018, attached as Exhibit 1.

9) This complaint is filed within ninety (90) days after Mrs. Warner's receipt of the IDHR Notice.

10) All conditions precedent to the filing of this action have been performed.[1]

---

[1] Plaintiff has not yet received her "right to sue" letter from the EEOC due to the Federal Government shutdown. It is expected that the EEOC will adopt the IDHR findings and will issue the "right to sue" letter once the shutdown has been resolved.

## PARTIES

11) Plaintiff, Nicole Warner is a citizen of the State of Illinois and a resident of Kendall County. She was a nonexempt employee of Defendant within the meaning of 42 U.S.C. §20000e(f) and 775 ILCS 5/2-101(A).

12) Defendant is a Foreign Corporation incorporated under the laws of the State of New York and is registered and authorized by the Illinois Secretary of State to transact business in Illinois under the Business Corporation Act.

## FACTS

13) Defendant is in the business of clothing and apparel sales.

14) As a retail business, Defendant's busiest season is over the Thanksgiving and Christmas holidays.

15) Defendant has multiple locations and operations throughout Illinois, the United States, and in many Countries around the world.

16) Defendant conducts business under the names: Giorgio Armani, Emporio Armani, Giorgio Armani Boutique, Armani Exchange, and Armani Outlet.

17) Each of Defendant's locations have or had its own store staff, sales goals, and management.

18) Mrs. Warner was employed by Defendant on or about November 7, 2016 as the "Store Manager" of the Armani Exchange located at 1650 Premium Outlet Blvd., # 751, Aurora, IL 60502.

19) In her role as Store Manager, Mrs. Warner was the highest-ranking employee on location and was responsible for: managing the overall business of the store location; generating

sales; meeting store sales goals; managing supervisors and sales associates; creating monthly staffing schedules; recruiting, training, and disciplining store employees; etc.

20) Mrs. Warner did not have authority to hire or fire store employees.

21) Mrs. Warner reported directly to her Supervisor, Ms. Nicole Hinsman, Defendant's Regional Manager ("Supervisor"), and Courtney Hahn, Defendant's Human Resources Manager ("HR Manager").

22) Mrs. Warner was also personally responsible for generating sales on the sale floor, stocking and re-stocking apparel, store clean-up, and floor re-sets. She spent more than 60% of her time on activities not directly or closely related to the performance of executive or administrative activities.

23) Mrs. Warner reported her pregnancy to Defendant in or about late March / early April of 2017 by providing her Supervisor and HR Manager with a Doctor's note and advising of her classification as a high-risk pregnancy and expected need to take maternity leave over the Thanksgiving and Christmas holidays of 2017.

24) From the time that Mrs. Warner reported her pregnancy and anticipated maternity leave, Mrs. Warner was subject to numerous, continuous and ongoing negative comments, remarks, and verbal harassment regarding the timing of her maternity leave over the busy Thanksgiving and Christmas seasons.

25) On information and belief, such comments, remarks, and harassment were made by Defendant's VP of Outlet Stores and other employees during numerous conference calls among Mrs. Warner, her Supervisor, and her co-workers. On numerous occasions, multiple employees made negative comments, remarks, and harassment in person to, or behind Mrs. Warner's back, regarding her expected absence from the store during the busy sales season.

26) Despite no negative reviews, Mrs. Warner was abruptly terminated without cause or notice on July 24, 2017 when she was approximately seven (7) months pregnant.

27) Defendant claimed that Mrs. Warner's abrupt termination was due to corporate restructuring and the elimination of the Store Manager position, when in-fact Defendant replaced Mrs. Warner with a lower performing, non-pregnant person who took over Mrs. Warner's job responsibilities.

28) By terminating Mrs. Warner at the time that it did, Defendant avoided having to provide Mrs. Warner with her anticipated maternity leave over the busy holiday season and avoided having to engage in the legally required exchange to determine effective reasonable accommodations for her pregnancy and maternity leave.

29) As a result of her unlawful termination, Mrs. Warner lost pay, benefits, and additional bonuses that she would have earned had she been allowed to continue or return to work. In addition, Mrs. Warner experienced harm, including pain and suffering, as a result of Defendant's discrimination.

30) By contrast, during all relevant times, no other similarly situated non-pregnant employees were terminated.

31) From the time Mrs. Warner gave notice of per pregnancy up until her abrupt termination, Defendant treated her anticipated maternity leave less favorably than it treats leave time of other employees at other times of the year.

32) During all times relevant to this action, Defendant had no written policy stating whether an employee's leave for pregnancy and/or childbirth would be treated similarly to leave for off-duty injury or illness ("off-duty injury leave"), similarly to leave for on-the-job injury or illness ("on-the-job injury leave"), or otherwise. And, Defendant has no written policy stating

whether an employee's maternity leave anticipated over a busy business season would be treated similarly to leave time at other times of the year.

33) In addition to unlawfully terminating Mrs. Warner, Defendant has retaliated against Mrs. Warner. Shortly after being terminated, Mrs. Warner complained to her Supervisor that she believed she was improperly terminated due to her pregnancy and expected maternity leave, asked that her termination be reconsidered, and requested copies of her employment file in accordance with the Illinois Personnel Record Review Act, 820 ILCS 40/1, *et seq.*

34) Despite numerous and ongoing requests, still to this date, Defendant has failed to provide Mrs. Warner with copies of her personnel records, copies of time sheets, employment reviews, sales goal performance measurements, or other job performance assessments. (This issue is currently before the Circuit Court of Kendall County in case No.: 2018MR000133.)

## CLAIMS FOR RELIEF

### COUNT I
### Pregnancy Discrimination in Violation of the IHRA, 775 ILCS 5/2-102(I)

35) Mrs. Warner realleges and incorporates by reference all prior paragraphs.

36) As described above, Defendant discriminated against Mrs. Warner based on her pregnancy, childbirth, and related condition in violation of the IHRA, 775 ILCS 5/2-102(I). The Defendant's discriminatory actions included treating Mrs. Warner's maternity leave less favorably than other leave for injury or illness, and less favorably than other non-pregnant employees.

37) Mrs. Warner suffered injury, both economic and otherwise, including emotional distress, as a result of Defendant, Giorgio Armani's discrimination.

### COUNT II
### Gender Discrimination in Violation of the IHRA, 775 ILCS 5/2-102(A)

38) Mrs. Warner realleges and incorporates by reference all prior paragraphs.

39) As described above, Defendant discriminated against Mrs. Warner based on her gender, female, in violation of the IHRA, 775 ILCS 5/20102(A). Defendant's discriminatory actions included treating Mrs. Warner's anticipated maternity leave less favorably than leave for on-the-job injury or illness.

40) Mrs. Warner suffered injury, both economic and otherwise, including emotional distress, as a result of Defendant, Giorgio Armani's discrimination.

## COUNT III
### Failure to Provide Reasonable Accommodations for Pregnancy, Childbirth and Related Conditions In Violation of the IHRA, 775 ILCS 5/2-102(j)

41) Mrs. Warner realleges and incorporates by reference all prior paragraphs.

42) As described above, Defendant failed to provide accommodations for Mrs. Warner based upon her pregnancy and anticipated maternity leave, in violation of the IHRA, 775 ILCS 5/20102(J). Defendant's denials of reasonable accommodations included denying Mrs. Warner leave benefits as favorable as those provided to other employees who took leave for on-the job injury or illness; failing to engage in the legally required exchange to determine effective reasonable accommodations for her pregnancy, childbirth, and maternity leave. Such accommodations would not have imposed undue hardship on Defendant.

43) Mrs. Warner suffered injury, both economic and otherwise, including emotion distress, as a result of Defendant, Giorgio Armani's unlawful denials of reasonable accommodations.

## COUNT IV
### Retaliation in Violation of the IHRA, 775 ILCS 5/6-101(A)

44) Mrs. Warner realleges and incorporates by reference all prior paragraphs.

45) As described above, Defendant retaliated against Mrs. Warner for objecting to her wrongful termination and failing to provide Mrs. Warner with her lawful right to review her employment file, in violation of the IHRA, 775 ILCS 5/6-101(A).

46) Mrs. Warner suffered injury, both economic and otherwise, including emotional distress, as a result of Defendant, Giorgio Armani's discrimination.

## COUNT V
### Sex (Pregnancy) Discrimination in Violation of Title VII 42 U.S.C. § 2000e *et seq.*

47) Mrs. Warner realleges and incorporates by reference all prior paragraphs.

48) As described above, Defendant discriminated against Mrs. Warner based on her sex, female, and because of her pregnancy, childbirth, or related conditions, in violation of Title VII 42 U.S.C. §2000e *et seq*. Defendant's discriminatory conduct included terminating Mrs. Warner due to her anticipated maternity leave, treating her leave for pregnancy and childbirth less favorably than leave for on-the-job injury or illness; and denying her reasonable accommodations for her sex-based and pregnancy-related condition.

49) Mrs. Warner suffered injury, both economic and otherwise, including emotional distress, as a result of Defendant, Giorgio Armiani's discrimination.

## COUNT VI
### Retaliation in Violation of Title VII, 42 U.S.C. § 2000e-3(a)

50) Mrs. Warner realleges and incorporates by reference all prior paragraphs.

51) As described above, Defendant retaliated against Mrs. Warner for requesting reasonable accommodations and maternity leave, in violation of Title VII, 42 U.S.C. §2000e-3(a). Defendant's retaliatory actions included terminating Mrs. Warner for requesting maternity leave over the busy holiday sales season and denying Mrs. Warner her right to review her employment file.

52) Mrs. Warner suffered injury, both economic and otherwise, including emotional distress, as a result of Defendant, Giorgio Armani's retaliation.

## PRARYER FOR RELIEF

WHEREFORE, Mrs. Warner respectfully requests that this Court award her:

A. A declaratory judgment that Defendant, Giorgio Armani has violated the IHRA and Title VII;

B. A permanent injunction enjoining Defendant, Giorgio Armani from continuing its practices of sex discrimination, pregnancy discrimination, retaliation in employment, and unlawful denials of reasonable accommodations, and requiring the Defendant to submit a plan detailing how it will address these violations and end its discriminatory practices and implement such a plan;

C. Compensatory damages;

D. Pre-judgment and post-judgment interest on the above damages;

E. Attorney's fees, costs, and litigation expenses; and

F. Any and all other relief that is just and proper in the premises.

Respectfully submitted,
NICOLE H. WARNER

BY: _____

One of the Attorneys for Plaintiff,

Richard W. Warner, Esq.
WARNER LAW GROUP
1700 Park St. Ste., 203,
Naperville, IL 60563
Office: (630) 446-0087
Email: rw@rwarnerlaw.com
ARDC No.: 6288693

## VERIFIED PLEADING UNDER THE
## ILLINOIS CODE OF CIVIL PROCEDURE § 5/2-605

I, Nicole H. Warner, Plaintiff, being first duly sworn on oath, depose and state:

1. That I have read the foregoing complaint. I am the Plaintiff, and have knowledge concerning the facts alleged.

2. That if called as a witness in the above-captioned cause, I could and would testify competently to the facts stated in the foregoing complaint.

3. Under the penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

_____    _1/25/19_
Nicole H. Warner               Date

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

NICOLE H. WARNER,

    COMPLAINANT,

AND

GIORGIO ARMANI CORPORATION,

    RESPONDENT.

CHARGE NO. 2018CF1321
EEOC NO. 21BA80538

## NOTICE OF DISMISSAL
## FOR LACK OF SUBSTANTIAL EVIDENCE

Richard Warner
Warner Law Group
1700 Park St.
Suite 203
Naperville, IL 60563

Michelle Marks
Epstein, Becker, Green P.C.
227 W. Monroe St.
Suite 3250
Chicago, IL 60606

DATE OF DISMISSAL: November 1, 2018

1. YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the Department has determined that there is NOT substantial evidence to support the allegation(s) of the charge. Accordingly, pursuant to Section 7A-102(D) of the Act (775 ILCS 5/1-101 et seq.) and the Department's Rules and Regulations (56 Ill. Adm. Code, Chapter II, §2520.560) the charge is HEREBY DISMISSED.

2. If Complainant disagrees with this action, Complainant may:

    a) Seek review of this dismissal before the Illinois Human Rights Commission (Commission), 100 West Randolph Street, Suite 5-100, Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission by the request for review filing date below. Respondent will be notified by the Commission if a Request for Review is filed.

    **REQUEST FOR REVIEW FILING DEADLINE DATE: February 4, 2019**

    Or, Complainant may:

    b) Commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice. A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed.

**Exhibit 1**

Page 2
Notice of Dismissal for Lack of Substantial Evidence
Charge No. 2018CF1321

> If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately. The EEOC generally adopts the Department's findings. The Appellate Courts in Watkins v. Office of the State Public Defender, ___ Ill.App.3d ___, 976 N.E.2d 387 (1st Dist. 2012) and Lynch v. Department of Transportation, ___ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Illinois Human Rights Act ("IHRA") against the State of Illinois in the Illinois Circuit Court are barred by the State Lawsuit Immunity Act. (745 ILCS 5/1 et seq.). Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.

**PLEASE NOTE: The Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3. Complainant is hereby notified that the charge(s) will be dismissed with prejudice and with no right to further proceed if a timely request for review is not filed with the Commission, or a timely written complaint is not filed with the appropriate circuit court.

4. If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Human Rights Commission, within fifteen days of the Human Rights Commission's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

**PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR (800) 669-4000.**

                                        DEPARTMENT OF HUMAN RIGHTS
                                        Janice Glenn
                                        Acting Director

HB1509/HB59 NOD/LSE
12/16

STATE OF ILLINOIS )
                            ) ss
COUNTY OF COOK )                CHARGE NO. 2018CF1321

## AFFIDAVIT OF SERVICE

Veronica L. Lewis, deposes and states that she served a copy of the attached **NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE** on each person named below by depositing the same this 1st day of November, 2018, in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

Richard Warner
Warner Law Group
1700 Park St.
Suite 203
Naperville, IL 60563

Michelle Marks
Epstein, Becker, Green P.C.
227 W. Monroe St.
Suite 3250
Chicago, IL 60606

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

*Veronica Lewis*

**PLEASE NOTE:**

The above-signed person is responsible only for mailing these documents. If you wish a review of the findings in this case you must complete the Request for Review form attached. Illinois Department of Human Rights staff are not permitted to discuss the investigation findings once a Notice of Dismissal has been issued.